UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIUDMYLA IEGOROVA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BARACK OBAMA,<br><br>　　　　　Defendant. | No.  2:14-cv-1415-GEB-EFB PS<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). On November 12, 2014, the court granted plaintiff's request for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, but dismissed plaintiff's complaint with leave to amend pursuant to 28 U.S.C. § 1915(e)(2). ECF No. 4. The order noted that plaintiff's complaint did not allege any specific causes of action or any facts in support of a cause of action. *Id*. at 3. Therefore, the complaint was dismissed, and plaintiff was provided thirty days to file an amended complaint in the event that she could allege sufficient facts in support of a legally cognizable claim. *Id*. at 3-4.

　　　　Plaintiff has not technically filed an amended complaint. Instead, plaintiff filed a "response for court order" stating that this court has failed to subpoena records that would prove President Obama's crimes against plaintiff. ECF No. 5. She also states that the United States government has the ability to electronically monitor every facility in the United States and that

the government stores such "information for future secret government operations." *Id*. She further states in this filing that President Obama took "all possible steps to continue citizens abuse and terror against life and property [of plaintiff] and her son." *Id*. at 3. She also asserts that the "Court of the USA" has committed crimes against plaintiff and her family, including kidnapping plaintiff's grandchildren, at the direction of President Obama. *Id*. at 4. She also describes numerous incidents in which government agents allegedly attempted to assassinate plaintiff and her son, and she makes numerous references to a "Russian-American conspiracy." *Id*. at 2-7.

Although this filing is no more coherent than the complaint that was dismissed, the court will construe it as an amended complaint. However, it too, fails to state a cognizable claim for relief. As noted in the November 12, 2014 order, although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds

2

upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Here, plaintiff's purported amended complaint does not allege any specific cause of action or any facts that would support a cognizable legal claim. Nor does it cure any of the defects addressed in the November 12, 2014 order. *See* ECF No. 4 at 3-4. Instead, the amended complaint, like plaintiff's original complaint, is filled with disjointed allegations that leave the court guessing as to the cause of action(s) plaintiff is intending to assert. Because further amendment would be futile, the purported amended complaint should be dismissed without leave to amend. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (while the court ordinarily would permit a pro se plaintiff amend, leave to amend should not be granted where it appears amendment would be futile).

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's purported amended complaint, ECF No. 5, be dismissed without leave to amend; and

1     2.  The Clerk be directed to close this case.

2     These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  April 14, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE